Robert Tauler (SBN 241964)
rtauler@taulersmith.com
Camrie Ventry (SBN 355853)
cventry@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 1100
Los Angeles, California 90017
Tel: (213) 927-9270

*Attorneys for Plaintiff*
*Matthew Sorensen*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SORENSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE HON COMPANY LLC, an Iowa company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF THE CALIFORNIA TRAP AND TRACE LAW (CAL. PENAL CODE § 638.51)** |

CLASS ACTION COMPLAINT

## INTRODUCTION

1.     Defendant HON markets workspace furniture on www.hon.com (the "Website"). However, instead of allowing a user to browse the Website without consequence, Defendant has elected to turn ordinary browsing into a means to secretly extract data. Defendant does so configuring its Website to include code from various data companies, including companies registered as data brokers, that has the ability to identify and profile website visitors.

2.     The objective for HON is to find visitors that are most likely to purchase workspace furniture, and to target them with unsolicited advertisements. The visitor, however, has no idea that their website visit and subsequent web activity is being matched to their identity and being studied by Defendant and the tracking companies it shares information with.

3.     Plaintiff brings this action on behalf of herself and a class of California residents to halt Defendant's surveillance practices, which include the installation of tracking software from data broker Nextroll (Adroll), and data companies like Meta and LinkedIn (collectively referred to herein as the "Tracking Software")

4.     Defendant's installation and use of the Tracking Software without obtaining consent is a violation of the California Trap and Trace Law.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because the total matter in controversy exceeds $5,000,000 and there are over 100 members of the proposed class.  Further, at least one member of the proposed class is a citizen of a State within the United States and at least one defendant is the citizen or subject of a foreign state.

6.     Defendant is an Iowa company that sells office furniture, seating, and workplace organization products. Defendant actively markets its products to California businesses and proprietors. Defendant maintains ongoing commercial

CLASS ACTION COMPLAINT

2

relationships with California customers in this district, through dealerships with dedicated space for HON products. Defendant derives substantial revenue from California-based transactions through its operation of the Website. Defendant deliberately avails itself of California's commercial privileges by operating its interactive Website infrastructure, which Defendant specifically designed to engage California consumers. Defendant's continuous California business activities establish general personal jurisdiction sufficient for this Court to adjudicate any claims against Defendant.

7.    Further, Defendant specifically intended its surveillance operations to cause injury to California residents. Defendant configured its tracking systems on its Website to identify, profile, and exploit California users.

8.    Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because Defendant (1) is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District; (2) does substantial business within this District; and (3) is subject to personal jurisdiction in this District because it has availed itself of the laws and markets within this District.

9.    A substantial part of the events giving rise to this action, namely Defendant's activation of its surveillance system against Plaintiff, occurred within this County. Defendant's system activated during Plaintiff's Website visits while Plaintiff was physically located within this County. This activation by Defendant created the privacy violations and statutory damages at issue in this litigation.

## PARTIES

10.    Plaintiff Matthew Sorensen ("Plaintiff") is, and at all times relevant to this complaint has been, a citizen of California residing and located within the Central District of California. Plaintiff maintains reasonable expectations of privacy when browsing websites. Defendant systematically violated these expectations through its unauthorized surveillance activities.

11. Defendant HON is an Iowa company that owns, operates, and/or controls www.hon.com (the "Website"). Through the Website, HON sells office furniture, seating, and workplace organization products.

12. Plaintiff identifies DOE Defendants 1 through 10 as unknown entities that Defendant directed and controlled to participate in implementing or maintaining Defendant's system. Plaintiff will seek leave to amend this Complaint to identify these entities when Defendant's discovery responses reveal their true names and roles.

13. Each DOE Defendant acted as Defendant's agent or employee in Defendant's implementation of the surveillance scheme described herein. Each DOE Defendant operated within the scope of its relationship with Defendant and participated with Defendant in the common plan to unlawfully track California residents for Defendant's commercial gain.

## FACTUAL ALLEGATIONS

### A. Defendant's Deliberate Implementation of Surveillance Technology

14. In ordinary website browsing, certain technical exchanges occur so a browser can request and receive a page. But the identifying information at issue here is distinct. The Tracking Software deliberately captures and sends *additional* visitor-identifying signals to third parties so that they can determine who the visitor is (or likely is) and link that visit to an identity profile. That extraction is not required to render the Website; it is implemented to create commercial value from Website visitors. The Tracking Software has no functional role in delivering website content; its sole purpose is to extract visitor-identifying signals for deanonymization and profiling.

15. Defendant HON owns, operates, and exercises absolute control over its Website at www.hon.com. On information and belief, Defendant makes all

decisions regarding the Website's technical infrastructure, embedded technologies, and data collection practices.

16. Defendant activated the Tracking Software against Plaintiff when Plaintiff visited the Website on April 29, 2025. Plaintiff was physically present in California at the time. Defendant's tracking code immediately began collecting Plaintiff's identifying information without Plaintiff's knowledge, awareness, or consent.

17. Defendant configured the Tracking Software to employ sophisticated "device fingerprinting" technologies. Defendant programmed this system to collect information far beyond generic traffic statistics. Defendant specifically targeted data elements that create unique digital signatures for individual users. Defendant designed this comprehensive data collection to enable its reliable visitor identification and long-term tracking across multiple Website sessions.

**B.    Defendant's Technical Surveillance Operations**

18. The Tracking Software installed on the Website collects detailed browser fingerprinting data including browser type, version, and configuration settings that create unique device signatures. Defendant captures operating system information including architecture details and version specifications. Defendant harvests display characteristics such as screen resolution and color depth settings that contribute to device uniqueness. Defendant collects hardware identifiers including CPU specifications and graphics card information. Defendant employs canvas fingerprinting techniques that generate unique digital signatures through hidden graphics rendering processes it controls.

19. For example, Defendant embedded code from Nextroll, a data broker. The Nextroll code collects data from visitor devices, including the user's IP address, their browser user agent (which reveals browser version and operating system), the referrer URL (i.e. where they came from), and the current page URL.   NextRoll then assigns this grouping of data what it literally calls a "User identifier" or

"UUID." Nextroll then compares this identifier user identifiers used by other ad platforms in order to broaden the reach of tracking and ad delivery.

20. In the case of LinkedIn, Defendant actively facilitates the immediate transmission of harvested identifying information from visitors' devices to LinkedIn's remote servers, including domains such as px.ads.linkedin.com, www.linkedin.com/px/, and snap.licdn.com (the "LI Servers"). Defendant configured the Linkedin Insight Tag to automatically route this sensitive data to LinkedIn's surveillance infrastructure.

21. The transfer of data from Defendant's Website to the LI Servers is shown in the screenshot below, taken from google Chrome's developer tools "network activity" resource:



22. Defendant operates this surveillance system against all Website visitors. Defendant does so regardless of whether visitors maintain LinkedIn accounts, have ever used LinkedIn services, or have consented to cross-site tracking. Defendant implements universal surveillance that captures identifying information from every visitor Defendant subjects to its tracking operations and does so without obtaining user consent.

CLASS ACTION COMPLAINT

## C.  **Defendant's Surveillance System Constitutes Unlawful Trap and Trace Operations**

23.  Defendant's surveillance technology, as implemented by Defendant on its Website, reliably identifies communication sources, fulfilling the statute's "reasonably likely to identify" standard.

24.  Defendant never obtained Plaintiff's informed consent before Defendant implemented its surveillance system against Plaintiff. Defendant deliberately concealed its tracking operations from Website visitors. Defendant structured its Website to begin surveillance before users could meaningfully consent to or prevent Defendant's monitoring.

## CLASS ALLEGATIONS

25.  Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons who were subjected to the Tracking Software while visiting the Website while in California.**

26.  NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be in the thousands, if not more. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

27.  COMMONALITY: Common questions of fact and law exist as to all Class Members and predominate over any questions affecting only individual members of the Class. Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

  a.  Whether Defendant installed the Tracking Software on the Website;

  b.  Whether Defendant the Tracking Software is a trap and trace process as defined by California law;

c. Whether Plaintiff and Class Members are entitled to statutory damages;

d. Whether Class Members are entitled to injunctive relief; and

e. Whether Class Members are entitled to disgorgement of unlawfully obtained data.

28. TYPICALITY: As a person who visited Defendant's Website and whose personal information was subjected to the Tracking Software, Plaintiff is asserting claims that are typical of the Class.

29. ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

30. SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of each Class Member is impracticable and inefficient. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed and address identical issues.

## FIRST CAUSE OF ACTION

### Violations of California Trap and Trace Law

### Cal. Penal Code § 638.51 (the "California Trap and Trace Law")

31. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

32. The California Trap and Trace Law, California Penal Code section 638.51, forms a critical component of the California Invasion of Privacy Act ("CIPA"). CIPA represents strong legislative protection for California citizens' privacy rights against evolving surveillance technologies.

CLASS ACTION COMPLAINT

8

33. California Penal Code section 638.51(a) explicitly prohibits unauthorized surveillance: "A person may not install or use in this state a trap and trace device without first obtaining a court order or the consent of the user of the telephonic or electronic service." This statute provides no exceptions for commercial surveillance operations.

34. Defendant directly violated this prohibition because Defendant installed and operated comprehensive trap and trace processes through the Tracking Software. Defendant deliberately embedded tracking technology throughout its Website infrastructure. Defendant specifically engineered this system to capture electronic impulses and signaling information from visitors' devices for Defendant's express purpose of identifying communication sources.

35. Defendant's surveillance system captures extensive "electronic or other impulses" that directly identify communication sources. These include: detailed browser fingerprinting data providing unique device signatures and technical parameters; comprehensive device characteristics serving as persistent signaling information; and network routing data inherent in the communication monitoring process Defendant established.

36. Defendant's tracking technology, as installed and operated by Defendant on its Website, reliably identifies communication sources, thereby satisfying the statute's identification standard.

37. Defendant never obtained court authorization for its surveillance operations against California residents, including Plaintiff.

38. Defendant never obtained Plaintiff's valid consent before Defendant implemented tracking technology against Plaintiff's device and communications.

39. Defendant's systematic installation and operation of unauthorized surveillance technology constitutes ongoing violations of California Penal Code section 638.51 by Defendant. Each instance where Defendant activated its

CLASS ACTION COMPLAINT

surveillance system during Website visits represents a separate statutory violation by Defendant.

40.     California Penal Code section 637.2(a) provides civil remedies. These remedies include statutory damages of $5,000 per violation or actual damages, whichever is greater, for CIPA violations, including section 638.51 breaches.

41.     Defendant's unlawful surveillance directly caused Plaintiff significant injuries. These injuries include: Defendant's invasion of Plaintiff's legally protected privacy rights; Plaintiff's loss of control over personal identifying information due to Defendant's actions; Defendant's unauthorized creation of detailed behavioral profiles of Plaintiff; and chilling effects on Plaintiff's free online expression and inquiry due to Defendant's conduct.

## **PRAYER**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.     An order certifying the Class, naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel;

2.     An order that data unlawfully obtained be disgorged;

3.     An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

4.     Statutory damages pursuant to CIPA; and

5.     All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

DATED: February 20, 2026                    TAULER SMITH LLP


By:     */s/ Robert Tauler*
Robert Tauler, Esq.
*Attorneys for Plaintiff*
*Matthew Sorensen*

CLASS ACTION COMPLAINT

10

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.


DATED: February 20, 2026                    TAULER SMITH LLP



                                   By:    */s/ Robert Tauler*
                                          Robert Tauler, Esq.
                                          *Attorneys for Plaintiff*
                                          *Matthew Sorensen*